Law Offices
**HINSHAW & CULBERTSON LLP**
2375 E. Camelback Rd.
Suite 750
Phoenix, AZ 85016
602-631-4400
602-631-4404
raoyama@hinshawlaw.com
bdunn@hinshawlaw.com
meghasingh@hinshawlaw.com

Randy J. Aoyama (020096)
Bradley L. Dunn (028897)
Megha Singh (036306)
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Ignite International, Ltd., a Wyoming corporation,<br><br>    Plaintiff,<br><br>v.<br><br>Higher Connection LLC, a Utah limited liability company; Zachariah James Gleason; Mirza Baig; Higher Connection 3PL LLC, an Arizona limited liability company; and Higher Connection LLC, an Arizona limited liability company,<br><br>    Defendants. | Case No.<br><br>**VERIFIED COMPLAINT**<br><br>(Demand for Jury Trial) |

Plaintiff Ignite International, Ltd. ("Plaintiff"), by and through undersigned counsel, for its Verified Complaint alleges as follows:

## **NATURE OF ACTION**

1. This action involves the theft/conversion of Plaintiff's products and breach of contract by Defendants Higher Connection LLC and Higher Connection 3PL LLC, as well as by their principal shareholders, Mirza Baig and Zachariah Gleason. This matter

also involves the tortious interference with Plaintiff's business relationships by Defendants.

## JURISDICTIONAL AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1332 because there is diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3. Venue is proper in this district because a substantial part of the events giving rise to the claim occurred in this district. 28 U.S.C. § 1391(a)(2). Specifically, all actions complained of herein occurred in Maricopa County, Arizona.

4. The Parties have also contractually agreed to jurisdiction and venue in this Court.

5. All conditions precedent have occurred, have been performed, or have been waived.

## THE PARTIES

6. Plaintiff is a Wyoming corporation that regularly conducts business in Arizona.

7. Defendant Higher Connection LLC is a Utah limited liability company that regularly conducts business in Arizona, and which has its registered office located at 10599 S. Harvest Point Dr., South Jordan, UT 84009.

8. Defendant Higher Connection 3PL LLC is an Arizona limited liability company that regularly conducts business in Arizona, and which has registered office located at 1505 North 29th Avenue in Phoenix, Arizona.

9. Defendant Higher Connection LLC is an Arizona limited liability company formed on October 22, 2021, listed its business as "wholesale trade", and is located at 1505 North 29th Avenue, Phoenix, Arizona.

10. Defendant Zachariah James Gleason ("Gleason") is a resident Arizona.

11.     Defendant Mirza Baig ("Baig") is a resident of Utah.

**GENERAL ALLEGATIONS**

12.     Defendants are in the business of providing warehousing, pick & pack and shipping services for their customers.

13.     On or about December 14, 2020, Plaintiff and Defendant Higher Connection, LLC entered into a fulfillment agreement for the Defendants to provide warehousing, pick & pack and shipping services for Plaintiff's customers. A true and accurate copy of the Fulfillment Agreement ("Fulfillment Agreement") is attached hereto as **Exhibit 1**.

14.     Sometime in 2021, Defendants surreptitiously took Plaintiff's inventory without the knowledge of Plaintiff, sold it and netted approximately $500,000. Plaintiff discovered the missing inventory during a physical inventory count.

15.     In August and September 2021, Defendants took approximately an additional $2 million of Plaintiff's inventory and sold it and have retained most of the proceeds despite Plaintiff's multiple requests over the past two (2) months for Defendants to turn the money over to Plaintiff.

16.     Throughout the past five months, both Gleason and Baig continuously lied to Plaintiff's management about numerous essential facts and provided Plaintiff with inaccurate financial statements in an effort to hide their theft of Plaintiff's products.

17.     Defendants also made an effort to sabotage Plaintiff's business by failing to timely ship Plaintiff's products to Plaintiff's customers, and in many instances shipped Plaintiff's products to Plaintiff's customers that were short the amounts the Defendants claimed were shipped.

18.     Due to the fact that Defendants took approximately $2.5 million of Plaintiff's inventory without permission and without paying for all of it, Plaintiff was left short on inventory and unable to satisfy its customer demands.

19. Defendants also lied to Plaintiff about a liquid vaping product that was to be launched in the late summer of 2021, falsely claiming the manufacturer refused to produce the product. These efforts by Defendants to sabotage Plaintiff cost Plaintiff millions of dollars in sales and damaged Plaintiff's relationships with its customers.

20. Upon information and belief, Defendants converted Plaintiff's inventory to cash in order to develop their own business with the view of disparaging Plaintiff to its customers in order to persuade Plaintiff's customers to switch to Defendants' products.

## COUNT I
### (Breach of Contract)

21. Plaintiff re-alleges and incorporates by reference the paragraphs set forth above.

22. In taking the actions described above, Defendants have breached the Fulfillment Agreement.

23. Plaintiff has fulfilled all of its legal obligations under the Fulfillment Agreement.

24. As a proximate result of Defendants breach of the Fulfillment Agreement, Plaintiff has sustained and will continue to sustain damages in an amount to be proven at the time of trial, including attorneys' fees and costs as permitted by the Fulfillment Agreement and pursuant to A.R.S. § 12-341.01.

25. Plaintiff's damages cannot be adequately compensated through remedies at law alone, thereby requiring equitable relief in addition to compensatory damages.

## COUNT II
### (Breach of Covenant of Good Faith and Fair Dealing)

26. Plaintiff re-alleges and incorporates by reference the paragraphs set forth above.

2931\309756194.v1

27. Plaintiff entered into the Fulfillment Agreement and has complied with all material obligations pursuant thereto.

28. Defendants had, and continue to have, a duty to act in good faith with Plaintiff which requires Defendants to cooperate and deal fairly with Plaintiff such that they do not do anything to prevent Plaintiff from receiving the benefit of its bargain.

29. By engaging in the activities and conduct described above, Defendants breached the covenant of good faith and fair dealing by repeatedly engaging in a course of conduct that was unfair to Plaintiff and which prevented Plaintiff from receiving the benefit of its bargain with Defendants.

30. Defendants' conduct in breaching of the covenant of good faith and fair dealing includes, but is not limited to: stealing Plaintiff's product; shorting Plaintiff's customers; and engaging in conduct designed to harm Plaintiff's contractual relationships with its clients, by, among other things, intentionally delaying shipments in willful violation of the Fulfillment Agreement.

31. Defendants' actions prevented Plaintiff from receiving the benefit of its bargain with Defendants.

32. Due to Defendants' breaches, Plaintiff has sustained, and will continue to sustain, damages in an amount to be proven at the time of trial, including attorneys' fees and costs to the extent allowed by law, including pursuant to A.R.S. §12-341.01.

33. Plaintiff's damages cannot be compensated adequately through remedies at law alone, thereby requiring equitable relief in addition to compensatory damages.

## COUNT III

### (Tortious Interference with a Business Relationship)

34. Plaintiff re-alleges and incorporates by reference the paragraphs set forth above.

2931\309756194.v1

35. Through its previous business relationships with certain customers, Plaintiff had a business expectancy that such customers would continue to do business with Plaintiff.

36. Defendants were aware of these relationships and business expectancies.

37. Despite Defendants' awareness of these relationships and business expectancies, they intentionally and wrongfully sought to interfere with those relationships and expectancies.

38. Defendants intentionally engaged in the acts described above for the purpose of interfering with Plaintiff's enjoyment and benefit of its contractual and prospective relationships and business expectancies with its customers and potential customers.

39. Defendants' decision to wrongfully interfere with Plaintiff's relationships and business expectancies was both intentional and methodical.

40. As a result of Defendants' tortious acts, these relationships and business expectancies have been damaged.

41. Due to Defendants' actions, Plaintiff has sustained, and will continue to sustain, damages in an amount to be proven at the time of trial.

42. Plaintiff's damages cannot be adequately compensated through remedies at law alone, thereby requiring equitable relief in addition to compensatory and punitive relief.

## COUNT IV

### (Misappropriation)

43. Plaintiff re-alleges and incorporates by reference the paragraphs set forth above.

44. Plaintiff's confidential and/or trade secret information has independent economic value because such information is not generally known to, and not readily

ascertainable by proper means, by other persons who can obtain economic value from the use of such information. Plaintiff has made, and continues to make, reasonable efforts to maintain the secrecy of these items. At no time has Plaintiff given its consent, express or implied, to Defendants to use or disclose such confidential and/or trade secret information subsequent to the conclusion Defendants' contractual relationship with Plaintiff.

45. Defendants had, and continue to have, a duty not to use or disclose Plaintiff's confidential and/or trade secret information for any purpose other than for the benefit of Plaintiff.

46. Defendants had, and continue to have, a duty to maintain the secrecy of Plaintiff's confidential and/or trade secret information.

47. Defendants had, and continue to have, a duty not to engage in any business relationship where they will inevitably use, directly or indirectly, or otherwise disclose Plaintiff's confidential and/or trade secret information.

48. Defendants have breached each of the duties identified herein and has misappropriated, or will inevitably misappropriate, Plaintiff's confidential and/or trade secret information by (i) disclosing or using the same for the benefit of Defendants, and (ii) by failing to maintain the secrecy of Plaintiff's confidential and/or trade secret information.

49. Such misappropriation by Defendants is a direct breach of the duties owed to Plaintiff and violates A.R.S. §44-401, et seq.

50. Defendants have acted willfully and maliciously in the conduct described herein.

51. Defendants' ongoing, inevitable, and anticipated acts of misappropriation and use of Plaintiff's confidential and/or trade secret information are transgressions of a

continuing nature for which Plaintiff has no adequate remedy at law and for which injunctive relief is available under A.R.S. §44-402.

52. Unless Defendants are permanently restrained from misappropriating Plaintiff's confidential and/or trade secret information, Plaintiff will continue to suffer immediate and irreparable harm. Plaintiff's damages cannot be adequately compensated solely through money damages or other legal remedies, thereby entitling Plaintiff to equitable relief in the form of an injunction.

53. In addition to injunctive relief, as a proximate result of Defendants' actual and threatened misappropriation of Plaintiff's confidential and/or trade secret information, Plaintiff has sustained and will continue to sustain, monetary damages, including actual and exemplary damages under A.R.S. §44-403 (B).

54. Plaintiff is entitled to an award of attorneys' fees under A.R.S. §44-404(3) for Defendants' willful and malicious misappropriation.

## COUNT V

### (Unfair Competition)

55. Plaintiff re-alleges and incorporates by reference the paragraphs set forth above.

56. By using and disclosing Plaintiff's confidential and/or trade secret information to solicit Plaintiff's clients without Plaintiff's permission, Defendants have engaged, and continue to engage, in unfair competition.

57. Defendants had, and continue to have, a duty not to engage in such conduct.

58. Defendants have breached the duties identified herein.

59. As a proximate result of Defendants' actions, Plaintiff has sustained and will continue to sustain damages.

60. Plaintiff's damages cannot be adequately compensated through remedies at law alone, thereby requiring equitable relief in addition to compensatory and punitive relief.

## COUNT VI

### (Conversion)

61. Plaintiff re-alleges and incorporates by reference the paragraphs set forth above.

62. Conversion is an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel.

63. Defendants intended to affect property of Plaintiff by wrongfully exercising their dominion or control over the goods which is in fact inconsistent with Plaintiff's rights.

64. As a result, Plaintiff has been damaged in an amount to be proven at trial, as well as all attorneys' fees and costs, in accordance with A.R.S. §§ 12-341 & 12-341.01(A).

## COUNT VII

### (Breach of Fiduciary Duty)

65. Plaintiff re-alleges and incorporates by reference the paragraphs set forth above.

66. Defendants owed Plaintiff a fiduciary duty to properly fulfill and process Plaintiff's customers' orders from Plaintiff's products stored at Defendants' warehouse.

67. Defendants breached that fiduciary duty by failing to do so.

68. Plaintiff has been damaged by Defendants' breach of its fiduciary duty in an amount that shall be proven at trial.

2931\309756194.v1

Case 2:21-cv-02184-MTL   Document 1   Filed 12/21/21   Page 10 of 15

## COUNT VIII
### (Unjust Enrichment)

69. Plaintiff re-alleges and incorporates by reference the paragraphs set forth above.

70. Plaintiff is entitled to the equitable remedy of restitution to prevent the unjust enrichment of Defendants.

71. Upon information and belief, Defendants designed a plan to breach the Fulfillment Agreement and steal Plaintiff's products in order to enrich themselves at Plaintiff's expense.

72. Defendants have substantially profited and benefitted from breaching the Fulfillment Agreement and stealing Plaintiff's products, and has used Plaintiff's valuable client list and accumulated Plaintiff's goodwill for themselves.

73. The foregoing has caused Plaintiff to suffer a material detriment.

74. There was no justification for either the enrichment of Defendants, or for Plaintiff's detriment.

75. It is unjust and inequitable for Defendants to retain the benefits of Plaintiff's efforts.

76. As a result, Plaintiff has been damaged in an amount to be proven at trial, as well as all attorneys' fees and costs, in accordance with A.R.S. §§ 12-341 & 12-341.01(A).

## COUNT IX
### (Civil Conspiracy)

77. Plaintiff re-alleges and incorporates by reference the paragraphs set forth above.

78. Defendants conspired with each other to take Plaintiff's inventory, sell it and keep the revenue from such sales.

2931\309756194.v1

79. In furtherance of Defendants' conspiracy, Defendants Gleason and Baig continuously lied to Plaintiff's management about numerous essential facts and provided Plaintiff with inaccurate financial statements in an effort to hide their theft of Plaintiff's products.

80. In furtherance of Defendants' conspiracy, Defendants also made an effort to sabotage Plaintiff's business by failing to timely ship Plaintiff's products to Plaintiff's customers, and in many instances shipped Plaintiff's products to Plaintiff's customers that were short the amounts the Defendants claimed were shipped.

81. In furtherance of Defendants' conspiracy, Defendants also lied to Plaintiff about a liquid vaping product that was to be launched in the late summer of 2021, falsely claiming the manufacturer refused to produce the product. These efforts by Defendants to sabotage Plaintiff cost Plaintiff millions of dollars in sales and damaged Plaintiff's relationships with its customers. In furtherance of Defendants' conspiracy, upon information and belief, Defendants converted Plaintiff's inventory to cash in order to develop their own business with the view of disparaging Plaintiff to its customers in order to persuade Plaintiff's customers to switch to Defendants' products.

82. In furtherance of Defendants' conspiracy, Defendants misappropriated confidential information and trade secrets of Plaintiff, and to act in concert to damage Plaintiff.

83. Defendants conspired and agreed, both explicitly and implicitly, as set forth above.

84. Defendants' agreements and conspiracies have extended to and included unlawful purposes, as set forth above.

85. Plaintiff is being damaged by this conspiracy, both directly and in the competitive marketplace.

2931\309756194.v1

86. As a direct and proximate result of this conspiracy, Plaintiff has sustained damages in an amount to be proven at trial.

## COUNT X

### (Piercing the Corporate Veil)

87. Plaintiff re-alleges and incorporates by reference the paragraphs set forth above.

88. Defendant Higher Connection LLC is the alter ego of Defendant Baig.

89. Defendant Higher Connection 3PL LLC is the alter ego of Defendant Gleason.

90. Upon information and belief, Defendants Baig and Gleason have failed to maintain the requisite corporate formalities and separateness.

91. Upon information and belief, Defendants Baig and Gleason have treated corporate and company funds as their own, without accounting to the corporations for personal use of the corporate funds.

92. Upon information and belief, Defendants Baig and Gleason did not deal with the corporation, company, or business enterprise, as the case may be, at arm's length by, inter alia, commingling personal and corporate funds.

93. As a result of the unity of interest and ownership between Defendants Baig and Higher Connection LLC, and between Defendant Gleason and Higher Connection 3PL LLC, the legal form or entity of Defendant Higher Connection LLC and Higher Connection 3PL LLC must be disregarded so as to avoid an injustice.

94. Thus, Defendant Baig's and Gleason's personal assets must be made available to satisfy all judgments in favor of Plaintiff.

2931\309756194.v1

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

A. Temporarily, preliminarily, and permanently enjoining Defendants from possessing, controlling, disclosing, or using (or allowing others to do so) any of Plaintiff's confidential and/or trade secret information;

B. Temporarily, preliminarily, and permanently enjoining Defendants from unfairly competing with Plaintiff by possessing, controlling, disclosing, or using (or allowing others to do so) any of Plaintiff's confidential and/or trade secret information;

C. Temporarily, preliminarily, and permanently (for the period of time identified in the Fulfillment Agreement) enjoining Defendants from soliciting or attempting to solicit Plaintiff's clients in violation of her Fulfillment Agreement;

D. Temporarily, preliminarily, and permanently (for the period of time identified in the Fulfillment Agreement) enjoining Defendants from providing competing services to Plaintiff's clients in violation of her Fulfillment Agreement with Plaintiff;

E. Temporarily, preliminarily, and permanently enjoining Defendants from wrongfully interfering with the relationships between Plaintiff and its customers;

F. Requiring that Defendants return all of Plaintiff's confidential and/or trade secret information in her possession and/or control;

G. An award of damages for all counts in an amount to be proven at trial;

H. An award of attorneys' fees and costs pursuant to A.R.S. §§ 12-341 and 12-341.01;

I. An award of pre and post judgment interest; and

J. Any other remedies or judgments deemed just and equitable by this Court.

/ / /

/ / /

2931\309756194.v1

DATED this 21st day of December, 2021.

                HINSHAW & CULBERTSON LLP

                /s/ Bradley L. Dunn
                Randy J. Aoyama
                Bradley L. Dunn
                Megha Singh
                Attorneys for Plaintiff

# DECLARATION

I, **John Schaefer**, declare under the penalty of perjury on this **20th** day of December, 2021, that the foregoing is true and correct to the best of my knowledge and belief. I am a representative of the Plaintiff in the matter of *Ignite International, Ltd., Plaintiff, v. Higher Connection, LLC, Zachariah James Gleason, Mirza Baig and Higher Connection 3PL, LLC, Defendants.*



2931\309756194.v1