Law Offices
HINSHAW & CULBERTSON LLP
2375 E. Camelback Rd.
Suite 410
Phoenix, AZ 85016
602-631-4400
602-631-4404
raoyama@hinshawlaw.com
bdunn@hinshawlaw.com
meghasingh@hinshawlaw.com

Randy J. Aoyama (020096)
Bradley L. Dunn (028897)
Megha Singh (036306)
Attorneys for Plaintiff/Counterdefendant

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ignite International, Ltd., a Wyoming corporation,<br><br>        Plaintiff,<br><br>v.<br><br>Higher Connection, LLC, a Utah limited liability company, Zachariah James Gleason, Mirza Baig, Higher Connection 3PL LLC, an Arizona limited liability company; and Higher Connection LLC, an Arizona limited liability company,<br><br>        Defendants. | Case No. CV-21-2184-PHX-MTL<br><br>**PLAINTIFF/COUNTERDEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| Higher Connection LLC, a Utah limited liability company,<br><br>        Counterclaimant,<br><br>vs.<br><br>Ignite International, Ltd., a Wyoming corporation.<br><br>        Counterdefendant. | |

1047429\314184594.v1

Plaintiff/Counterdefendant Ignite International, Ltd. ("Ignite"), by and through undersigned counsel, hereby respectfully submits its Reply in support of its Motion for Partial Summary Judgment (the "Motion").

Pursuant to Local Rule 7.2(m)(2), Fed.R.Civ.P. 37(c)(1)[1], and Fed.R.Civ.P. 37(b)(2)(A)(i)-(vi), Ignite objects to the evidence offered by Higher Connection, LLC ("HC") in its Response to the Motion ("Response") and requests that it be stricken in full, or in part; and/or that HC not be allowed to use the inadmissible evidence in support of its Response. HC has ***never*** disclosed any documents or evidence during the nearly two (2) years this lawsuit has been pending which alleges that Ignite ultimately owes HC money. Fact discovery closed over eight (8) months ago. The last records disclosed by HC before the end of fact discovery admitted that HC **owed** Ignite $882,206.67.

HC even filed a Pre-Motion Conference Letter, and argued before this Court at the Conference, that the parties had a dispute about the actual "amount owed to Plaintiff". [Dkt. 53.] HC never stated it believed that Ignite ultimately owed it money, and the Court informed HC that Ignite would likely be successful on its Motion due to the admission by HC of payments being due to Ignite. In fact, HC has always admitted that it owed Ignite money related to their former business relationship. The only issue throughout this case has been "How much does HC owe Ignite?" Nevertheless, HC's Response unbelievably for the first time ever presents this Court with an undisclosed, fraudulent "Full Accounting" which alleges that Ignite actually **owes** HC $5,718.79.

This is completely improper and is a clear failure to disclose or supplement under Rule 37(c)(1), such that HC should be barred from using it. It is also inadmissible

---

[1] Ignite is citing to Local Rule 7.2(m)(2) and Fed.R.Civ.P.37(c)(1), which do not state the need for a statement of good faith consultation, nevertheless, out of an abundance of caution, Ignite's counsel Brad Dunn hereby certifies that on July 19, 2023 he conducted a good faith conferral by phone call with HC's counsel William Kozub who stated his refusal to withdraw his arguments and documents used in HC's Response.

1047429\314184594.v1

evidence and Ignite objects to its use pursuant to Local Rule 7.2(m)(2). The document and its reference in the Response should be stricken, as well as the entire Response itself, and the Court should proceed on ruling upon the Motion as if Ignite's accounting records submitted with its Motion are unopposed.

Further, Ignite objects to all evidence and reference in the Response to a Securities and Exchange Commission ("SEC") inquiry in 2022, a full year after the allegations in this lawsuit occurred. HC even admits that the SEC inquiry "is not believed to be part of the current accounting dispute", but again, unbelievably, HC attempts to use this irrelevant and never disclosed information to prevent summary judgment. The SEC inquiry in no way creates a triable issue of fact as to the reliability of Ignite's accounting records. Unlike HC, Ignite retained and disclosed an accounting expert in this matter who went through Ignite's accounting records and procedures to confirm the accuracy of the accounting. HC's irrelevant mention of a previous SEC inquiry in no way defeats Ignite's accounting expert's opinion — an opinion which has not been rebutted by any expert retained by HC. The reference to and reliance upon the SEC inquiry should also be stricken from the Response and/or be considered inadmissible.

The Response relies on several irrelevant, prejudicial, and improper arguments, based on evidence never disclosed in this lawsuit. HC's attempt to present these documents and insert inappropriate arguments into this matter in an attempt to prevent summary judgment in favor of Ignite should be rejected. Ignite has provided a proper accounting supported by a forensic accounting expert. HC has presented zero evidence that Ignite's accounting is untrustworthy or incorrect. Summary Judgment should be granted in Ignite's favor, and it should be awarded its attorney's fees and costs, as well as additional sanctions against HC as the Court deems appropriate.

3

## I. HC's Inadmissible and Undisclosed "Full Accounting"

On August 12, 2022, HC disclosed a document in response to Ignite's First Requests for Production, entitled "New Ignite Working on 07-15-22 active" which according to HC is a "Complete Ignite accounting for 2020-2021". [*See* **Exhibit A**, "Complete Ignite Accounting", attached hereto.] The Complete Ignite Accounting disclosed by HC states that HC owes Ignite a net payable amount of $824,302.68.

On November 8, 2022, HC disclosed another document entitled "Full Partner Ledger", which is HC's accounting records related to Ignite for the entire year of 2021. [*See* **Exhibit B**, attached hereto.] The Full Partner Ledger disclosed by HC states that HC owes Ignite a total of $882,206.67. [*Id.* at pp. 1 and 9, highlighted].

The Fact Discovery deadline was November 17, 2022. [Dkt. 31]. On November 21, 2022, HC disclosed yet another document which was purportedly HC's "computation of amounts owed" to Ignite [*See* **Exhibit C**, "Computation of Amounts Owed", attached hereto.] The Computation of Amounts Owed disclosed by HC states that HC owes Ignite a total of $531,769.65. [*Id.* at. p. 8; DEFENDANTS-000200, highlighted].

HC disclosed no further documents or records outlining the amounts due and owing to Ignite. In its Response, however, HC now includes a document entitled "Full Accounting", which is eerily similar to the Full Partner Ledger previously disclosed, but with wildly different numbers, and purports to state that HC's accounting records now show that Ignite actually owes HC $5,718.79. [*See* Doc. 58-3]. Without explanation, HC has submitted inadmissible evidence with its Response which states that after the close of fact discovery and after Ignite filed its Motion, HC allegedly found an additional $887,925.44 it believes it paid to Ignite in 2021. This is improper and not evidence which can support a denial of a Motion for Summary Judgment.

4

Local Rule 7.2(m)(2) requires objections to admission of evidence in written motions be made in the objecting party's reply memorandum and not in a separate motion to strike or other separate filing. Rule 37(c)(1) states the following:

(1) *Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

(B) may inform the jury of the party's failure; and

(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)—(vi)

Rule 37(b)(2)(A)(i)—(iii), states that the Court may take the following actions:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

Ignite objects to the admission of the alleged "Full Accounting" being offered in support of HC's Response. This document has never been disclosed to Ignite and Ignite had no knowledge that HC ever intended to allege that Ignite owed HC money. HC previously disclosed three (3) documents which all showed that HC owed Ignite hundreds of thousands of dollars. Now, however, HC attempts to disclose a document during the dispositive motion phase which completely reverses HC's arguments in this litigation. This "Full Accounting" is improper and should be stricken from the Response and/or be held to be inadmissible evidence which HC is precluded from relying upon in its Response. [See *James Stewart Entm't, LLC v. L&M Racing*, LLC, 2013 U.S. Dist. LEXIS 202423, *33] [District Court precluded defendants from relying upon undisclosed

5

financial documents in support of summary judgment motion and awarded attorney's fees to plaintiffs]; see also *Dean v. Corr. Corp. of Am.*, 108 F. Supp. 3d 702, 714 [Arizona District Court excluded evidence presented by defendants in summary judgment motion which was not previously disclosed]; citing *Wong v. Regents of Univ. of Calif.*, 410 F.3d 1052, 1061 (9th Cir. 2005) [affirming district court's exclusion at summary judgment of evidence which was not timely disclosed]. HC failed to ever provide this alleged accounting information and thus should "be precluded from relying on any of this information – including information within [the declarant's] personal knowledge that relates to these undisclosed documents." [*Id.*]

Accordingly, HC should be precluded from relying on the "Full Accounting" at all, including any personal knowledge which the declarant, co-defendant Zack Gleason, may have which relates to these undisclosed documents. It should be held that Ignite's accounting records in its Motion are unopposed and Ignite should be granted summary judgment in the amount requested in its Motion, plus attorney's fees and costs, as well as such additional sanctions against HC as the Court deems appropriate.

## II.     Rohleder, Inc.

Even if this Court were to hold that the "Full Accounting" is admissible evidence (which it should not), the document and HC's Response makes clear that HC actually admits that it still owes Ignite at least $199,268.71. [Response, pg. 5: 8-16]. HC states and the "Full Accounting" lists that a company named Rohleder, Inc. allegedly owes HC $204,987.50. [*Id.*] HC attempts to use this alleged debt to negate the amount it owes to Ignite, but Rohleder, Inc. is not a party to this lawsuit. If HC believes it has a valid claim against Rohleder, Inc. for a debt, then it should have included the corporation in its Counterclaim or a separate lawsuit. As it stands, Rohleder, Inc. is not a party to this litigation and any debt it allegedly owes to HC is irrelevant. HC admits in its Response

6

that it owes Ignite at least $199,268.71, as such Ignite's Motion should be granted on that basis alone and the breach of contract claims resolved as to liability.

### III.    SEC Inquiry

HC provides no evidence that Ignite's accounting is unreliable. HC did not retain an expert to rebut Ignite's forensic accounting expert who confirmed the accuracy of Ignite's accounting records. [Doc. 55, Ex. 8]. HC only provides an inadmissible "Full Accounting" which was seemingly created by co-defendant Zack Gleason. This is insufficient.

Apparently realizing this flaw, HC tries to use an SEC inquiry into Ignite as proof of unreliable records. First, this again is new evidence which has never been disclosed before in this matter, is completely irrelevant to this matter, and potentially prejudicial, as HC is trying to use this information to falsely paint Ignite in a negative light. Mr. Gleason's entire statement that he "has first-hand experience with [Ignite's] accounting, knows it to be inaccurate, and that its inaccuracy is so substantial it has led to a civil investigation by the [SEC]" should be stricken from the Response, as he has no basis for such a statement and has never disclosed such a statement before HC filed its Response. Mr. Gleason literally states that he "has reviewed the SEC's filing in the U.S. District Court for the Central District of California", thus he alleges to have knowledge of the case and then continues to allege that some transaction with HC was the culprit of the SEC inquiry. [Response, pg. 6:15-9:6]. This is simply untrue and Ignite objects to the admissibility of this proposed evidence.

The SEC matter simply involved the SEC seeking Ignite's compliance with a subpoena for documents. [*See* Declaration of Paul Hughes, **Exhibit D**, attached hereto]. Ignite has complied with the subpoena and electronically produced a total of 109 gigabytes of documentary disclosure to the SEC. [*Id*., ¶11]. Ignite even worked closely with the SEC to ensure the disclosed documents could be properly reviewed by the SEC

7

employees. [*Id*., ¶12-13]. The SEC has had no communication with Ignite since February 7, 2023. [*Id*., ¶14]. It is assumed this matter is resolved. HC's allegations otherwise are unfounded and not supported by facts.

Nevertheless, the SEC inquiry has no impact on this current litigation. It has no relevance to the debt owed by HC to Ignite. There is also no basis to attempt to argue that Ignite's accounting records are inaccurate simply because the SEC sought documents from Ignite. Again, HC is attempting to use improper, irrelevant, non-disclosed information to confuse the issues in this litigation and Ignite objects to its admissibility. [See *Taylor v. Cnty. of Pima*, 2022 U.S. Dist. LEXIS 41880, *5] ("relevancy objections should be raised according to the procedures set forth in LRCiv 7.2(m)(2).")

This matter is clear. HC has admitted and disclosed for years that it owes Ignite hundreds of thousands of dollars in unpaid debt, pursuant to a Fulfillment Agreement and its side business wherein it acted as a third-party distributor selling Ignite's products into the retail marketplace. [Response, pg. 4:16-24]. Ignite has disclosed a forensic accounting expert who has provided an opinion that Ignite's accounting is accurate. HC has not disclosed any expert opinion in this matter. HC has not disclosed any evidence that Ignite's accounting is unreliable.

"At summary judgment, the Court considers only admissible evidence." [*Atencia v. Maricopa Cnty. Sheriff's Office*, 2022 U.S. Dist. LEXIS 56932, *2; citing Fed. R. Civ. P. 56(c)(1)(B)]. HC has not provided any admissible evidence to support its Response. Accordingly, summary judgment in favor of Ignite is proper.

**IV.    Conclusion**

For the foregoing reasons, Ignite requests the Court grant its Motion for Partial Summary Judgment and enter judgment against HC in the total principal amount of $1,819,799.71, plus pre- and post-judgment interest, Ignite's attorney's fees and costs,

1047429\314184594.v1

and such other sanctions against HC as the Court deems appropriate due to its improper submittal of inadmissible evidence in support of its Response.

DATED this 21st day of July, 2023.

HINSHAW & CULBERTSON LLP

/s/ Bradley L. Dunn
Randy J. Aoyama
Bradley L. Dunn
Megha Singh
Attorneys for Plaintiff/Counterdefendant

## CERTIFICATE OF SERVICE

I certify that on the 21st day of July 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

William A. Kozub, Esq.
Richard Hundley, Esq.
**THE KOZUB LAW GROUP, PLC**
7537 East McDonald Drive
Scottsdale, AZ 85250
*Attorneys for Defendants Zachariah James Gleason, Mirza Baig, and Defendants/Counterclaimants, Higher Connection LLC (Utah), Higher Connection 3PL LLC, and Higher Connection LLC (Arizona)*

By   /s/ Tammy Kassen

9