Law Offices
HINSHAW & CULBERTSON LLP
2375 E. Camelback Rd.
Suite 410
Phoenix, AZ 85016
602-631-4400
602-631-4404
raoyama@hinshawlaw.com
bdunn@hinshawlaw.com
msmith@hinshawlaw.com

Randy J. Aoyama (020096)
Bradley L. Dunn (028897)
M. Victoria Smith (036334)
Attorneys for Plaintiff/Counterdefendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ignite International, Ltd., a Wyoming corporation, <br><br> Plaintiff, <br><br> v. <br><br> Higher Connection, LLC, a Utah limited liability company, Higher Connection 3PL LLC, an Arizona limited liability company; and Higher Connection LLC, an Arizona limited liability company,, <br><br> Defendants. | Case No. CV-21-2184-PHX-MTL <br><br> **PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO MOTION FOR ISSUANCE OF CIVIL ARREST WARRANT** |
| Higher Connection LLC, a Utah limited liability company, <br><br> Counterclaimant, <br><br> vs. <br><br> Ignite International, Ltd., a Wyoming corporation. <br><br> Counterdefendant. | |

Plaintiff Ignite International, Ltd. ("Ignite"), by and through undersigned counsel, hereby respectfully submits its Reply to Defendant Zachariah Gleason's ("Gleason") Response to its Motion for Issuance of a Civil Arrest Warrant ("Response").

Gleason's Response is yet just another attempt by him to ignore this Court's orders and continue to avoid the consequences of his various companies having a $900,000 judgment, jointly and severally, against them all. The Response once again shows the outrageous efforts Gleason will undergo to try to shun the judgment and not pay Ignite the amounts due to it. The Response is irrational, flawed and untrue on multiple levels, and each will be separately addressed below:

**1. Background**

This Court entered a $900,000 judgment against defendants Higher Connection, LLC ("HC Utah"), Higher Connection 3PL LLC ("HC 3PL"), and Higher Connection LLC ("HC AZ") (collectively "HC Defendants") on June 26, 2024. (Doc. 82.) Gleason was, and still is, one (1) of only two (2) members and/or managers of every one of the HC Defendants. *See* **Exhibit 1.** He is also currently listed as the statutory agent of both HC AZ and HC 3PL (*Id*.) This Court issued an Order on October 15, 2024 for HC Defendants to present a knowledgeable representative to appear and testify at a Judgment Debtors' Exam. (Doc. 99, 2:9-10.) Neither Gleason, nor anyone else, appeared on behalf of the HC Defendants at the Judgement Debtor's Exam. The Court thus directed Ignite to file a motion for an arrest warrant for Gleason. Ignite did not file it as any sort of alleged harassment, but instead due to a direct order from the Court, which Ignite, unlike Gleason, understands it must abide by.

**2. HC Defendants' most knowledgeable representative**

In HC Defendants' previous Response to Ignite's Motion for Partial Summary Judgment, Gleason submitted a declaration wherein he states the following:

- "Mr. Zachariah Gleason is a member of Higher Connection" (HC Utah);

2

- "Mr. Gleason is the managing member of Defendant Higher Connection";
- "Mr. Gleason is the President of Defendant Higher Connection and oversees the daily operations and finances of Higher Connection since the company began operations"; and
- "Mr. Gleason is personally familiar with the accounting of Higher Connection."

(Doc. 58, 3:14-21.)

The declaration also states that "Mr. Gleason is the Manager of" HC AZ and HC 3PL. (*Id*., 4:2-4.) The filing even states that the HC Defendants' "accounting records [are] supported by" Gleason's declaration because Gleason is the "party knowledgeable of those accounting records." (*Id*., 10:5-6.)

Gleason cannot be permitted to previously challenge Ignite's Motion for Partial Summary Judgment with a declaration purporting to illustrate that Gleason is the person knowledgeable about the judgment debtors' accounting records, yet now argue that Gleason has no duty to respond to this Court's Order to Appear because he is not the judgement debtor's knowledgeable representative concerning accounting records. (Response, 5:8-17.) The whole argument is ridiculous and should be disregarded.

### 3. The Order to Appear was Properly Served

In his Response, Gleason asserts that the Order to Appear was not properly served. (Doc. 104, 2:3-4.) This is not true. The Order was personally served upon Gleason as statutory agent of HC AZ and HC 3PL. (Doc. 100-1 at 2.) The Order was also served on the HC Defendants' counsel of record in this matter. (*Id*. at 3.) The Order was even attempted to be served on HC Utah's place of business, but apparently Gleason shut down the operation. (*Id*. at 4.) To be clear, the $900,000 Judgment is jointly and severally against all three (3) entities, *viz.* HC Utah, HC AZ, and HC 3PL. (Doc. 82, 1:16-18.).

3

Ignite had no requirement to solely serve HC Utah as alleged in the Response. (Response, 3:2-5.) As such, the Order to Appear was properly served upon Gleason.

Gleason argues that service upon him was improper because he resigned as statutory agent for HC AZ and HC 3PL on November 19, 2024 and November 21, 2024 respectively. (Response, 3:2-4:3.) These dates are clearly after the date set for the judgment debtor exam on November 18, 2024, and after the date he was personally served with the Order on November 9, 2024. (Doc. 100-1 at 2.) Further, Mr. Gleason is still currently the statutory agent for both entities, as the date for his resignation only becomes effective on the 31st day after the Arizona Corporation Commission receives the resignation or upon appointment of a new statutory agent. *See* **Exhibit 2**. Accordingly, Gleason is still the statutory agent of the entities until December 20, 2024 and December 22, 2024, respectively.

Gleason next argues that "as of the service of the Order to Appear Gleason was neither a member or manager of [HC 3PL]." (Doc. 104, 3:21-22) This statement is also untrue—Gleason is currently listed as a manager of this entity. *See* **Exhibit 1 at p. 5**. Gleason continues to argue that he was neither a member or manager of HC AZ "as of the date of the service of the Order […]" (Doc. 104, 4:2-3), which is yet another false statement, as Gleason is still listed as a member of that entity as well. *See* **Exhibit 1 at p. 3**.

Gleason asserts that the "real defendant" in this case is HC Utah and that it was not served with the Order to Appear. (Doc. 104, 5:1-2.) This argument is disingenuous, at best. The HC Defendants used their entities interchangeably, and HC Utah was administratively dissolved on September 16, 2024. While Gleason argues that the two Arizona entities never commenced business operations and have never engaged in any business activities (Doc. 104, 5:2-4), HC AZ nevertheless maintained several Business Banking accounts with Bank of America with funds flowing in and out, to and from

4

Ignite. *See* **Exhibit 3**[1]. That is the entire reason that the Judgment was entered as jointly and severally against all of the entities, because Gleason's accounting records are so inadequate that it is unclear where the companies' funds were held and where they were transferred. That is also the entire reason that Ignite requested a Judgment Debtor's Exam, because it has been unable to piece together Gleason's and the judgment debtors' accounting records.

Gleason (as statutory agent, member, manager and the knowledgeable representative for every one of the judgment debtors) was obviously the individual required to appear at the debtor's exam. Further, as admitted by Gleason, he was personally served on November 9, 2024 with the Order to Appear. At that time and as of today, Gleason is listed as a member and/or manager of every single one of the judgment debtors, as well as statutory agent for HC AZ and HC 3PL. Accordingly, any argument by Gleason concerning service or his duty to appear is without merit. He was properly served with the Order to Appear. He took zero actions to appear or inform the Court of his anticipated refusal to appear for the Judgment Debtors' Exam. As such, Ignite and this Court have no assurances that Gleason will ever appear for a judgment debtors exam. It is clear, based on his Response alone, that Gleason will continue to try to avoid this lawsuit, as well as refuse this Court's Order. Thus, Ignite requests that the Motion for Civil Arrest Warrant be granted and Gleason be required to abide by this Court's authority.

///

///

///

---

[1] Selective pages from the bank statements with funds to/from Ignite are provided, and redaction has been applied to the remaining information.

1047429\323220856.v1

DATED this 12th day of December, 2024.

HINSHAW & CULBERTSON LLP

/s/ Bradley L. Dunn
Randy J. Aoyama
Bradley L. Dunn
M. Victoria Smith
Attorneys for Plaintiff/Counterdefendant

**CERTIFICATE OF SERVICE**

I certify that on the 12th day of December 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

William A. Kozub, Esq.
Richard Hundley, Esq.
**THE KOZUB LAW GROUP, PLC**
7537 East McDonald Drive
Scottsdale, AZ 85250
*Attorneys for Defendants Zachariah James*
*Gleason, Mirza Baig, and*
*Defendants/Counterclaimants, Higher*
*Connection LLC (Utah), Higher*
*Connection 3PL LLC, and Higher*
*Connection LLC (Arizona)*

By    /s/ Tammy Kassen

6