Law Offices
HINSHAW & CULBERTSON LLP
2375 E. Camelback Rd.
Suite 410
Phoenix, AZ 85016
602-631-4400
602-631-4404
bdunn@hinshawlaw.com
msmith@hinshawlaw.com

Bradley L. Dunn (028897)
M. Victoria Smith (036334)
Attorneys for Plaintiff/Counterdefendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ignite International, Ltd., a Wyoming corporation,<br><br>Plaintiff,<br><br>v.<br><br>Higher Connection, LLC, a Utah limited liability company, Higher Connection 3PL LLC, an Arizona limited liability company; and Higher Connection LLC, an Arizona limited liability company,,<br><br>Defendants. | Case No. CV-21-2184-PHX-MTL<br><br>**PLAINTIFF/COUNTER-DEFENDANT'S MOTION FOR SANCTIONS** |
| Higher Connection LLC, a Utah limited liability company,<br><br>Counterclaimant,<br><br>vs.<br><br>Ignite International, Ltd., a Wyoming corporation.<br><br>Counterdefendant. | |

Pursuant to this Court's Minute Entry dated April 23, 2025 (Doc. 116), Plaintiff/Counterdefendant Ignite International, Ltd. ("Ignite"), by and through

undersigned counsel, hereby submits its Motion for Sanctions supported by the following memorandum of points and authorities, and the attached invoices in support of the amount of sanctions requested.

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.     PROCEDURAL HISTORY (POST JUDGMENT)**

Ignite and defendants Higher Connection, LLC, a Utah limited liability company ("HC Utah"), Higher Connection 3PL LLC, an Arizona limited liability company ("HC 3PL"), and Higher Connection LLC, an Arizona limited liability company ("HC AZ") (collectively "HC" or "Judgment Debtors") entered into a Stipulated Judgment on June 26, 2024 wherein the Judgment Debtors were held jointly and severally liable to Ignite in the amount of $900,000, plus post and pre-judgment interest.  (Doc. 82).

On September 24, 2024, after the period of automatic stay pursuant to Rule 62(a) expired, Ignite submitted its Application to this Court requesting HC's most knowledgeable person to appear for a Judgment Debtor Exam ("JDE") and to produce documents prior to the exam (Doc. 97) ("Application"). This Court entered its Order on October 15, 2024 (Doc. 99) granting Ignite's Application, and setting the JDE for November 18, 2024 and further ordered that "Defendants shall produce documents set forth in […] in the Order […] at least ten (10) business days prior to the Judgment Debtor Exam." (*Id*. at 2:19-21).

On October 17, 2024, Ignite sought to serve HC through its statutory agent, Zachariah Gleason, at his then current place of business, Jolly Cannabis, but the business was no longer located at the address. (Doc. 100-1, pg. 4). On October 18, 2024, Ignite sought to serve HC through its attorney, William Kozub, who was HC's attorney of record throughout the entire litigation and is currently HC's counsel of record on appeal. Yet despite still being attorney of record, his office being the address listed for the statutory agent of HC, and Mr. Kozub receiving notice of the JDE through this Court's

2

standard electronic noticing system, <u>Mr. Kozub refused service</u>. (Doc. 100-1, pg. 3). Thereafter, Ignite took the extra effort to locate Mr. Gleason's home address and personally serve him with the JDE Order. (Doc. 100-1, pg. 2). Ignite took all of these steps concerning service to ensure there was no argument from HC or its counsel that it had never received the subject JDE Order (as well as to comply with the Order), and that all parties understood that they were required to appear and disclose the requested documents as ordered by the Court.

Nevertheless, on November 18, 2024, the date set by this Court for the JDE, <u>neither Gleason nor his counsel appeared</u>. (Doc. 101) ("November Hearing"). At the hearing, the Court inquired from Plaintiff's counsel if HC's counsel had responded to any of the served paperwork, to which Plaintiff's counsel stated "no, and they have not abided by the court's order to produce documents …" (Attached hereto as **Exhibit 1** are relevant pages from the transcript of the November 18th hearing at 5:9-15). Further, the Court correctly noted that service of process was likely unnecessary as HC's counsel "should have appeared based on simply the court's order in the docket without any service." (*Id*., 4:9-11). As a result, Ignite's counsel orally moved for a Civil Arrest Warrant for Mr. Gleason, and the Court directed Ignite's counsel to promptly file a written motion for a Civil Arrest Warrant. (*Id.* at 10:6-11). This Court then set an Order to Show Cause Hearing for December 16, 2024 regarding counsel and HC's failure to appear for the JDE. (*Id*. at 10:12-16). On November 19, 2024, this Court issued its Order to Show Cause ("OSC") requiring Mr. Gleason and his counsel of record, both Mr. Kozub and Richard Hundley, to personally appear, as well as again directed Ignite to file a written motion for a Civil Arrest Warrant. (Doc. 102). On November 20, 2024, Ignite submitted its Motion for the Issuance of a Civil Arrest Warrant. (Doc. 103).

At the OSC hearing on December 16, 2024, only Gleason and one of his counsel, Mr. Kozub, were present, even though the Court had ordered all counsel of record to

1047429\324904504.v1

appear. Further, <u>HC still did not comply with the JDE Order as it failed to produce any of the documents or records it was ordered to provide to Ignite</u>. Nevertheless, due to the fact that HC at least appeared that day, Ignite went forward with a partial JDE (a full JDE could not occur because the Court was forced to spend time on the OSC hearing to address the failure of HC and its counsel to abide by its Order). During the OSC hearing, this Court made it clear that it had the authority to impose sanctions for failure to comply with post-judgment discovery orders. (Attached hereto as **Exhibit 2** are relevant portions of the hearing transcript from the December 16th hearing at 7:6-8).

Defendants had a duty to present a knowledgeable person to the JDE, and Ignite went out of its way to personally serve HC's statutory agent, despite the fact that Mr. Kozub, as HC's counsel of record, received the ECF filing and was aware of the Court's order setting the November Hearing. Still, neither he nor his client appeared for the November Hearing. (*Id.* at 13:11-14:16). This Court correctly recognized that Ignite as judgment creditor had incurred extra fees and costs that should not have been incurred "if [the Court's] were complied with…" when clearly, Mr. Gleason was the statutory agent for the Arizona entities. (*Id.* at 15:2-16). This Court further stated that the failures to appear "unfortunately don't fall on just one person [..] but fall individually on several persons […], including Mr. Gleason as statutory agent and manager member […], Mr. Kozub [and], Mr. Hundley." (*Id*. at 19:8-16). Due to the Court's need to discuss these issues with the parties, the JDE was forced to be continued to January 6, 2025, including the OSC hearing. (Doc. 108).

During the course of JDE on January 6, 2025, Ignite obtained information that HC had utilized an entity in California identified as Odoo, Inc. to maintain their financial or accounting records, but HC still did not produce any documents allegedly maintained by Odoo. On January 20, 2025, Ignite's counsel sent an email to HC's counsel requesting Odoo contact information, HC's account number with Odoo, and any other information

4

1047429\324904504.v1

so that Ignite could properly issue a subpoena to Odoo. (A true and correct copy is attached hereto as **Exhibit 3**). On February 26, 2025, Ignite's counsel sent HC's counsel another email again requesting the necessary information about Odoo. (A true and correct copy is attached hereto as **Exhibit 4**). HC responded on March 3, 2025 with the necessary information. (A true and correct copy is attached hereto as **Exhibit 5**). On March 6, 2025, Ignite served the subpoena on Odoo. Odoo ultimately rejected the subpoena because it was not served on its statutory agent location in California, but instead on the statutory agent's location in Arizona. Accordingly, Ignite re-served the subpoena on Odoo on April 11, 2025 requesting "All records in your possession, including, but not limited to, accounting, inventory management, billing, eCommerce, point of sale, warehouse, payroll, and bookkeeping records, from January 2021 to January 2025 for: Higher Connection, LLC, a Utah limited liability company" to be produced by April 25, 2025. On April 22, 2025, Ignite's counsel received a response from Odoo's representative stating that it no longer had in its possession any records for HC as those records had been purged pursuant to company policy. (A true and correct copy is attached hereto as **Exhibit 6**).

Based upon HC and its counsel's failure to appear for the November Hearing and/or produce any documents as required pursuant to the JDE Order, Ignite was required to attend four (4) separate court dates, and draft a Motion for Civil Arrest Warrant. If HC and its counsel had simply attended the November Hearing and produced the required documents ten (10) days before as required, the whole ordeal would have been resolved in one JDE, as Ignite could have reviewed the produced records and questioned HC about them directly, which is the exact purpose of a JDE. Nevertheless, Ignite was forced to spend numerous hours drafting a motion, questioning HC about its current business situation, accounting systems, and ownership due to lack of produced records, as well as arguing about why HC and its counsel did not abide by this Court's Order. All of which

1047429\324904504.v1

would have been avoided if HC had just abided by this Court's Order. Accordingly, sanctions are appropriate against HC and its counsel.

## II. LEGAL ARGUMENT

### A. Sanctions Are Proper Under Federal Rule of Civil Procedure 37(b)(2)

Rule 37(b)(2)(A)-(C) empowers a district court to impose a wide spectrum of sanctions when a party "fails to obey an order to provide or permit discovery" or "fails to produce a person for examination." The October 15, 2024 Order (Doc. 99) unambiguously directed HC to (1) produce specific categories of financial and business documents at least ten (10) business days before the November 18, 2024 JDE and (2) appear—through "the most knowledgeable person"—for that examination. The procedural history establishes that HC, as well as its counsel of record, repeatedly and willfully defied this Order, thereby triggering the full remedial and coercive authority of Rule 37(b).

#### i. Defendants Violated a Clear and Reasonable Court Order

The Court's directives were explicit. HC was told precisely when and where to appear and precisely which documents to produce. HC had actual notice. Ignite served the Order on HC's statutory agent Mr. Gleason, attempted service through counsel Mr. Kozub, and effected personal service on Mr. Gleason after locating him at his residence. Additionally, HC's counsel received contemporaneous CM/ECF notice. Despite all that notice, neither Mr. Gleason nor counsel appeared on November 18, 2024, and no documents were produced. The Court was therefore compelled to (i) convert the scheduled JDE into an OSC proceeding, (ii) entertain an oral and written request for a civil arrest warrant, and (iii) set follow-up OSC hearings. Even when Mr. Gleason and Mr. Kozub finally appeared on December 16, 2024, HC still had not produced a single responsive record. The inability to conduct a meaningful examination forced the Court to continue the JDE to January 6, 2025. These undisputed facts demonstrate a pattern of

6

non-compliance, not an isolated oversight. The duty violated was direct, the disregard was knowing, and the resulting delay was substantial.

ii. The Repeated Non-Compliance Was Neither Substantially Justified Nor Harmless

Rule 37(b)(2) requires the Court to award sanctions unless the disobedient party can show that its failure was "substantially justified" or that sanctions would be unjust. HC can make neither showing. No valid justification has been offered for refusing to attend the November 18, 2024 JDE, despite multiple service attempts and electronic notice to counsel of record. No justification exists for withholding the ordered documents. Indeed, the January 6, 2025 testimony revealed that HC's accounting records were maintained through Odoo, Inc., information that could—and should—have been disclosed by November 8, 2024, at the latest. HC's delay was anything but harmless. Ignite incurred attorney time and expense to (i) attend multiple hearings, (ii) prepare a written motion for civil arrest, (iii) conduct an extended, piecemeal examination, and (iv) issue and re-issue third-party subpoenas. Worse, Odoo's subsequent document purge— apparently accomplished during the period of HC's non-compliance—has permanently deprived Ignite and the Court of key financial data.

iii. The Sanctions Requested Are Squarely Authorized by Rule 37(b)(2)

Rule 37(b)(2)(A) enumerates non-exclusive options, including: "directing that the matters embraced in the order … be taken as established;"; "prohibiting the disobedient party from supporting … designated defenses;"; "striking pleadings in whole or in part;" "rendering a default judgment;" and "treating as contempt of court the failure to obey." Rule 37(b)(2)(C) further mandates an award of "reasonable expenses, including attorney's fees, caused by the failure." Ignite's contemporaneously submitted invoices quantify the time and costs attributable solely to HC's defiance—including four (4) court appearances, the motion for a civil arrest warrant, and the Odoo subpoena process.

1047429\324904504.v1

### iv. Sanctions for Failure to Preserve Electronically Stored Information

Pursuant to Rule 37(e), Ignite notifies the Court that it has at the outset of this litigation presented a Preservation Demand dated February 21, 2022 upon HC through its counsel of record Mr. Kozub. (A true and accurate copy of the Demand is attached hereto as **Exhibit 7**). The failure of HC and its counsel to maintain and preserve the records in its possession and those from Odoo requested by Ignite for post-judgment discovery is prejudicial to Ignite and subject to sanctions.

### v. Appropriate Sanctions

Given HC's willful conduct and the prejudice to Ignite, the following sanctions are both authorized and necessary:

1. A monetary award compensating Ignite for all attorney fees and costs detailed in its supporting invoices, totaling $9,472.50, attached hereto as **Exhibit 8[1]**; and

2. A coercive civil contempt sanction for non-compliance with the Court's Order.

### vi. Lesser Sanctions Would Be Ineffective

The Court has already issued two OSCs and continued the JDE twice in an effort to secure compliance, as well as held four (4) court hearings to try to resolve this matter. Each accommodation was met with further obstruction by HC. Under these circumstances, meaningful monetary sanctions are the least severe measures likely to ensure future obedience, compensate the judgment creditor, and vindicate the Court's authority.

### B. The Court's Inherent Authority Provides an Independent Basis for Sanctions

Apart from Rule 37(b), federal courts possess inherent power to sanction parties and counsel who "act in bad faith, vexatiously, wantonly, or for oppressive reasons" or

---

[1] Only entries which were required due to HC's improper actions have the values included on the invoices. The other entries do not pertain to this matter.

8

"willfully abuse judicial processes." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766, 100 S. Ct. 2455, 65 L. Ed. 2d 488 (1980). HC's calculated strategy of delay—culminating in the irreversible loss of Odoo records—meets that standard. The requested sanctions therefore rest on dual foundations: the explicit terms of Rule 37(b)(2) and the Court's inherent power to police abuse of its processes.

## III.    CONCLUSION

HC and its counsel knowingly violated a clear Court order, multiplied proceedings, and rendered key evidence unavailable. Rule 37(b)(2) and the Court's inherent authority compel the imposition of compensatory and coercive sanctions sufficient to remedy the prejudice to Ignite, deter future misconduct, and safeguard the integrity of enforcement proceedings.

DATED this 23rd day of May, 2025.

HINSHAW & CULBERTSON LLP

/s/ Bradley L. Dunn
Bradley L. Dunn
M. Victoria Smith
Attorneys for Plaintiff/Counterdefendant

9

# CERTIFICATE OF SERVICE

I certify that on the 23rd day of May 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

William A. Kozub, Esq.
Richard Hundley, Esq.
**THE KOZUB LAW GROUP, PLC**
7537 East McDonald Drive
Scottsdale, AZ 85250
*Attorneys for Defendants Zachariah James Gleason, Mirza Baig, and Defendants/Counterclaimants, Higher Connection LLC (Utah), Higher Connection 3PL LLC, and Higher Connection LLC (Arizona)*

By   /s/ Candice J. Cromer

1047429\324904504.v1