**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 7 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IGNITE INTERNATIONAL LIMITED, a Wyoming corporation, | No. 24-4243 |
| Plaintiff - Appellant, | D.C. No. 2:21-cv-02184-MTL |
| v. | MEMORANDUM[*] |
| ZACHARIAH JAMES GLEASON; MIRZA BAIG, | |
| Defendants - Appellees, | |
| and | |
| HIGHER CONNECTION LLC, HIGHER CONNECTION 3PL LLC, | |
| Defendants. | |

Appeal from the United States District Court
for the District of Arizona
Michael T. Liburdi, District Judge, Presiding

Argued and Submitted September 16, 2025
Phoenix, Arizona

Before: COLLINS, MENDOZA, and DESAI, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appellant Ignite International Limited ("Ignite") appeals the district court's grant of summary judgment for Appellees Zachariah James Gleason and Mirza Baig, who are the sole members and managers of Higher Connection LLC ("Higher Connection").  The district court granted summary judgment for Ignite on a breach of contract claim against Higher Connection but declined to pierce the corporate veil to hold Gleason and Baig personally liable for Higher Connection's debt to Ignite.  Instead, the district court granted summary judgment for Gleason and Baig individually.  We have jurisdiction under 28 U.S.C. § 1291, reverse the district court's grant of summary judgment for Gleason and Baig, and remand for further proceedings.

I.  We generally do not consider issues not raised below.  *See Armstrong v. Brown*, 768 F.3d 975, 981 (9th Cir. 2014).  Before the district court, Ignite affirmatively sought application of Arizona law.  It therefore waived any argument that the district court should have applied Utah law.  And even if the application of Arizona law were merely forfeited, rather than waived, Ignite has failed to show that application of Utah rather than Arizona law would make a difference for purposes of this appeal.  *See* Fed. R. Civ. P. 61 ("At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.").

II.  We review de novo a grant of summary judgment, *George v. Edholm*,

752 F.3d 1206, 1214 (9th Cir. 2014), considering the record as a whole and drawing all reasonable inferences in favor of the non-moving party.  *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003).  "A corporate entity will be disregarded, and the corporate veil pierced, only if there is sufficient evidence that 1) the corporation is the 'alter ego or business conduit of a person'; and 2) disregarding the corporation's separate legal status is 'necessary to prevent injustice or fraud.'"  *Loiselle v. Cosas Mgmt. Grp., LLC*, 224 Ariz. 207, 214 (Ct. App. 2010) (citation omitted) (first quoting *Dietel v. Day*, 16 Ariz. App. 206, 208 (1972); and then quoting *State v. Angelo*, 166 Ariz. 24, 27 (Ct. App. 1990)).

1.  On the first prong, the district court erred by finding that Ignite failed to raise a genuine issue of material fact as to whether Higher Connection is Gleason and Baig's alter ego.

"[A]lter-ego status is said to exist when there is such unity of interest and ownership that the separate personalities of the corporation and owners cease to exist."  *Dietel*, 16 Ariz. App. at 208.  Ordinarily, the "[f]actors used to determine the existence of an alter ego relationship include . . . failure to maintain corporate formalities, commingling of corporate and personal funds, and diversion of corporate property for personal use, as well as undercapitalization and unwarranted divestment or asset stripping."  *Lucky Horse Barn, Inc. v. Yarbrough*, No. 1 CA-CV 25-0244, 2025 WL 3530113, at *3 (Ariz. Ct. App. Dec. 9, 2025) (citations

24-4243

omitted).

However, § 29-3304(B) of the Arizona Revised Statutes modifies these factors in the context of a Limited Liability Company ("LLC").  Specifically, that section—which Gleason and Baig concede is drawn from § 304(b) of the Uniform Limited Liability Company Act—provides that "[t]he failure of a limited liability company to observe formalities relating to the exercise of its powers or management of its activities and affairs is not a ground for imposing liability on a member or manager for a debt, obligation or other liability of the company."  Ariz. Rev. Stat. § 29-3304(B); *see also* Unif. LLC Act § 304(b) (Unif. L. Comm'n 2014) (using virtually identical text).  Under this provision, the veil-piercing factor concerning "disregard of corporate formalities" "is inappropriate" in the context of an LLC.  Unif. LLC Act § 304(b), cmt.  However, the statute does *not* affect other "key piercing factor[s]," including "disregard of the separateness between entity and owner."  *Id*.  We therefore reject Gleason and Baig's flawed contention that § 29-3304 completely "abrogate[s] the common law 'piercing the veil' doctrine as it relates to limited liability companies."

A trier of fact could rely on bank statements in the record to find that Gleason and Baig commingled personal funds with the LLC's assets and used the LLC's assets as their own.  For instance, Ignite showed that there were $210,730.27 in 2021 distributions to Baig's Robinhood account alone, even though

24-4243

Baig's W-2 for 2021 shows a total income of only $176,002.28.  Baig stated in an affidavit that all money he received from Higher Connection is reported on a W-2 or 1099, but, since there are no other W-2s or 1099s for Baig in the record, this leaves a number of distributions unaccounted for.  Ignite highlighted a similar discrepancy between distributions to Gleason totaling $237,316.56 and a total income of $234,888.05 reported on Gleason's tax documents.

Moreover, even setting aside whether Gleason and Baig were accurately reporting to the IRS the amounts that they were removing from the company, there is evidence from which a rational trier of fact could conclude that their actions blurred the lines as to which funds were properly the corporation's and which were theirs.  In particular, Higher Connection transferred funds to Gleason and Baig at irregular intervals and in various amounts.  These transfers were made using a range of financial instruments, including physical checks, Zelle, Venmo, and wire transfers.  Many of the transfers were made to crypto-currency brokerages.  Ignite also showed that Higher Connection made several payments to "Mom" and "James Dean [and] Betty White."  Higher Connection also made at least one direct payment to Toyota Financial for what appears to be Gleason's car loan payment.

Ignite therefore presented sufficient evidence to raise a genuine issue of material fact as to whether Higher Connection is Gleason and Baig's alter ego.

2.  On the second prong, the district court erred by finding that Ignite failed

24-4243

to raise a genuine issue of material fact as to whether the disregarding of Higher Connection's separate legal status is necessary to prevent injustice or fraud. "A fraud or injustice arises if observance of the corporate form would confuse the opposing parties and frustrate their efforts to protect their rights, while allowing the party responsible to evade liability." *Keg Rests. Ariz., Inc. v. Jones*, 240 Ariz. 64, 75 (Ct. App. 2016) (citing *Gatecliff v. Great Republic Life Ins. Co.*, 170 Ariz. 34, 38 (1991)).

Arizona courts have stated that "[t]he mere fact that [an LLC's sole member] received money from the entity he owned does not establish that an injustice will result unless he is held personally responsible for the entity's debts." *Barbano v. Brown*, No. 1 CA-CV 23-0091, 2023 WL 6896980, at *3 (Ariz. Ct. App. Oct. 19, 2023). But "evidence that a corporate principal drained the corporation's accounts after the corporation incurred a debt to the plaintiff may establish the injustice required to pierce the corporate veil." *Id.*

Because Gleason and Baig received significant payments from Higher Connection in a period when Higher Connection had incurred a debt to Ignite, there is at least a genuine issue of material fact as to whether Gleason and Baig drained Higher Connection's accounts. Therefore, there is also a genuine issue of material fact as to whether Ignite may establish the injustice required to pierce the corporate veil.

24-4243

We reverse the district court's grant of summary judgment for Gleason and Baig on Count X and remand the case for further proceedings.  We deny Gleason and Baig's request for attorney's fees.

**REVERSED and REMANDED.**

24-4243